UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHELLE STEGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-cv-00720-SRC |
| | ) |
| M&R WATSON, LC, | ) |
| | ) |
| Defendant. | ) |

**Memorandum and Order**

Michelle Steger argues M&R Watson, LC's property violates the Americans with Disabilities Act, alleging that "[t]o date, [Watson] has failed to comply" with various ADA regulations.  Doc. 1 at ¶ 36.  Watson moves to dismiss for lack of subject-matter jurisdiction, contending that Steger failed to allege that any ADA violations existed at the time of she filed her Complaint.  Additionally, Watson claims that it has remedied any ADA violations since Steger visited its property.  Because Steger's Complaint does allege that Watson's property violated the ADA at the time of filing, the Court denies Watson's Motion to Dismiss.  Further, because Watson raises legitimate questions about the Court's subject-matter jurisdiction, the Court requires the parties to submit evidence regarding whether Watson has cured the alleged violations.

**I.      Background**

In deciding Watson's Motion to Dismiss, the Court accepts the allegations in Steger's Complaint as true.  Michelle Steger is unable to walk or stand and uses a wheelchair.  Doc. 1 at ¶¶ 5–6.  Watson owns, leases, or operates Tj's Nails and the connected parking lot.  *Id.* at ¶ 10. In September 2022, Steger visited Tj's Nails, attempting to patronize the business, but allegedly

found various ADA violations that prevented her from doing so. *Id.* at ¶¶ 9, 25. Steger alleges that Watson has failed to provide a wheelchair-accessible parking lot, specifying seven separate alleged ADA violations, including (1) failing to provide van accessible parking, (2) failing to maintain the paint designating the accessible parking space, and (3) allowing its accessible parking space to become cracked and uneven. *Id.* at ¶ 25. More broadly, Steger alleges that Watson has a practice of failing to keep Tj's Nails's facilities up to the standards of the ADA. *Id.* at ¶ 25(h)–(j). According to Watson, Steger then contacted it regarding the alleged ADA violations and Watson "remedied the ADA violations and brought the property up to code." Doc. 6 at ¶ 7. Because this allegation does not appear within the complaint or any document embraced by the complaint, the Court cannot consider this allegation in deciding Watson's Motion to Dismiss. On June 1, 2023—roughly eight months after Steger visited the property—she filed suit against Watson. *See* Doc. 1.

**II.     Standard**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to dismiss for lack of subject-matter jurisdiction. When a party fails to correctly label its motion as a 12(b)(1) motion to dismiss, a court may construe it as a 12(b)(1) motion and analyze it under the correct standard. *See Osborn v. U.S.*, 918 F.2d 724, 728–29 (8th Cir. 1990) (approving the district court's decision to analyze a motion for summary judgement as a 12(b)(1) motion). The plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Hernden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013) (en banc) (citation omitted). "Because of the unique nature of the jurisdictional question, it is the court's duty to decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial on the issue." *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019) (cleaned up). "[T]he district court must

distinguish between a facial attack—where it looks only to the face of the pleadings—and a factual attack—where it may consider matters outside the pleadings." *Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018) (citing *Osborn*, 918 F.2d at 729 n.6).

Where a party brings a facial attack, "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (quoting *Osborn*, 918 F.2d at 729 n.6). In other words, the court "accept[s] as true all facts alleged in the complaint" and "consider[s] only the materials that are necessarily embraced by the pleadings and exhibits attached to the complaint." *Id.* (first quoting *Trooien v. Mansour*, 608 F.3d 1020, 1026 (8th Cir. 2010); and then quoting *Cox v. Mortg. Elec. Registration Sys., Inc.*, 685 F.3d 663, 668 (8th Cir. 2012)). "The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." *Stalley v. Cath. Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–57 (2007)).

## III.   Discussion

Although Watson styles its Motion to Dismiss as a 12(b)(6) motion, it only argues that the Court lacks subject-matter jurisdiction over this case. *See* Doc. 6 at p. 1, ¶ 8. Therefore, the Court analyzes (1) which Rule 12(b) standard governs Watson's motion, (2) whether the Court should construe the motion as a facial attack on subject-matter jurisdiction or a factual attack on subject-matter jurisdiction, and (3) whether Watson succeeds under the relevant standards. The Court concludes that the motion does not meet the relevant standards.

Based on the assertions in the motion, the Court finds that Watson only raises a facial challenge to subject-matter jurisdiction. According to Watson, Steger "fails to plead that a case

4

or controversy existed at the time the Complaint was filed . . . . [N]ot once does she plead that the alleged ADA violations existed at the time the Complaint was filed." *Id.* at ¶¶ 5–6. Watson argues that it remedied any ADA violations before Steger filed and, therefore, "[Steger] has failed to plead that this Honorable Court could grant relief . . . ." Doc. 11 at ¶ 5.   Because Rule 12(b)(1) supplies the appropriate standard for motions to dismiss for "lack of subject-matter jurisdiction," the Court construes this as a 12(b)(1) motion. *C.f. Osborn*, 918 F.3d at 728–29 (approving the district court's decision to analyze a motion for summary judgement as a 12(b)(1) motion).  Because Rule 12(b)(1) facial attacks afford "the non-moving party . . . the same protections as it would [enjoy] defending against a motion brought under Rule 12(b)(6)," *Carlsen*, 833 F.3d at 908 (citation omitted), the same standards apply to motions brought under either subsection of the rule.

Watson's facial attack on subject-matter jurisdiction fails. Steger's Complaint clearly alleges that, at the time of filing, Tj's Nails violated the ADA:  she claims that "[t]o date, [Watson] has failed to comply" with the ADA's mandates. Doc. 1 at ¶ 36. Steger repeatedly states her descriptions of alleged wrongdoing in the present tense. *See* Doc. 1 at ¶¶ 25, 27, 31–32, 34–35, 37 ("By continuing to maintain and/or operate the Subject property with discriminatory conditions in violation of the ADA, [Watson] contributes to Plaintiff's sense of isolation . . . ."). While Steger only alleges that she visited Tj's Nails about eight months before filing her Complaint, *see* Doc. 1, the allegations in the Complaint do not Watson's facial attack. Therefore, Watson's argument fails.

However, Watson's assertion that it remedied any ADA violations before Steger filed raises serious questions about the Court's jurisdiction.  "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz*

*Corp. v. Friend*, 559 U.S. 77, 95 (2010) (citation omitted). "[I]t is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing." *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *see also Ala. Legis. Black Caucus v. Ala.*, 575 U.S. 254, 271 (2015) (citing *Warth* for the same proposition). "[T]he court may receive evidence via 'any rational mode of inquiry,' and the parties may 'request an evidentiary hearing.'" *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019) (quoting Osborn, 918 F.2d at 730). The Court may do the following:  1) consider evidence outside the pleadings, such as affidavits or other documents; 2) hold an evidentiary hearing; 3) evaluate the evidence under the summary judgment standard; or even 4) proceed to a full trial. *See Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018) (citation omitted); *see also Buckler*, 919 F.3d at 1044. A plaintiff "bears the burden of showing that [she] has standing for each type of relief sought." *Id.* at 1161 (alteration in original) (citation omitted). To settle whether it has subject-matter jurisdiction over the case, the Court deems it necessary that the parties submit evidence and brief the issue.

## IV. Conclusion

Restricting itself to the face of the pleadings, the Court finds that Steger has alleged subject-matter jurisdiction. The Court accordingly denies Watson's Motion to Dismiss. Doc. 6. Watson nonetheless raises valid questions about whether the Court has subject-matter jurisdiction. Consequently, the Court orders the parties to submit evidence—documents, sworn affidavits, etc.—regarding whether each of the alleged ADA violations listed in Steger's Complaint still exist. The parties must submit this evidence by November 3, 2023 and may submit any necessary additional briefing of legal arguments by no later than November 10, 2023.

6

So Ordered this 19th day of October 2023.

*/s/ SLR.CR*

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

7